UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-22603-CIV-COOKE/BANDSTRA

JOHN B. THOMPSON,

    *Plaintiff*,

v.

THE FLORIDA BAR, *et al.*,

    *Defendants*.

_____/

**ORDER DENYING PLAINTIFF'S VERIFIED MOTION TO DISQUALIFY ALL FLORIDA BAR MEMBER JUDGES FROM PRESIDING OVER THIS CASE**

    This matter is before me on Plaintiff's Verified Motion to Disqualify all Florida Bar Member Judges from Presiding Over this Case [D.E. 5]. Plaintiff argues that all judges who are members of The Florida Bar must recuse from this case because of the mere appearance of a lack of impartiality and because of a financial interest in the outcome of the case. Plaintiff further argues that any sizable verdict against The Florida Bar will potentially require a special assessment against members.

    Title 28 U.S.C. § 455 governs the standards for recusal by members of the federal judiciary. Section 455(a) requires that a judge disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Section 455(b)(4) requires that a judge recuse herself if she knows that she or her spouse "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Financial interest is defined as "ownership of a legal or equitable interest, however small," but does not include certain remote interests. 28 U.S.C. § 455(d)(4).

A judge does not have to disqualify herself from a case brought against a bar association, even though she is a member of the bar association and it is alleged that the judge might have a financial interest in the outcome of the proceeding. In a separate action filed by Plaintiff against Defendant, *Thompson v. The Florida Bar*, 2007 WL 4380609, at *1 (S.D. Fla. Oct. 2, 2007), Plaintiff moved to recuse Judge Jordan. Judge Jordan denied the motion concluding that, even though he is a member of the Florida Bar, he did not have an interest in the lawsuit, financial or otherwise, because of such membership. *Id.* Similarly, I do not have an interest in this lawsuit merely because I am a member of the Florida Bar.

Furthermore, the Eleventh Circuit has already determined that the mere membership in a mandatory state bar association is not a ground for disqualification from presiding over a case and that the possibility that the bar association will have to make monetary payment to a plaintiff does not fall within the definition of "financial interest" under section 455(d)(4). *Parrish v. Bd. of Comm'r of Ala. State Bar*, 524 F.2d 98, 104 (5th Cir. 1975).[1] Other circuits have similarly held that a judge does not need to recuse from a case where a bar association is a defendant due to membership in the defendant association. *See also Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1262 (3rd Cir. 1977) (concluding that membership in the American Bar Association is not a financial interest that requires the disqualification of a judge where the association is a party); *Foster v. Capshaw*, 72 Fed. App'x 192, 192 (5th Cir. 2003) (concluding that a district judge's refusal to recuse was not an abuse of discretion because a district judge does not have a substantial interest in the success of a suit simply because of his identification with a defendant bar association).

Accordingly, Plaintiff's Verified Motion to Disqualify All Florida Bar Member Judges from

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Presiding Over this case [D.E. 5] is denied.

      **DONE AND ORDERED** in Miami, Florida, this 19th day of November 2008.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:

Honorable Ted E. Bandstra

All counsel of record

John B. Thompson, *pro se*